UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| CARLOS LEON, | ) | No. CV 09-04187-R (VBK) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE |
| v. | ) ) | |
| M. MARTEL, | ) ) | |
| Respondent. | ) ) | |

On May 19, 2009, Carlos Leon (hereinafter referred to "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. §2254 ("Petition") in the United States District Court for the Eastern District of California. The Petition purports to be directed to a conviction sustained in the Los Angeles County Superior Court of violating California Penal Code ("PC") §187(a), first degree murder. Petitioner was sentenced on December 11, 1996 to 25 years to life. (See Petition at 2; Exhibit ["Ex."] B, Abstract of Judgment.)

Since the Petition was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, the Court's consideration of the

Petition's timeliness is governed by 28 U.S.C. §2244(d), as amended by the AEDPA. See <u>Calderon v. United States District Court for the Central District of California (Beeler)</u>, 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1099 and 523 U.S. 1061 (1998).[1] That section provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for

---

[1] <u>Beeler</u> was overruled on other grounds in <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998)(en banc), <u>cert. denied</u>, 119 S. Ct. 1377 (1999).

1   State post-conviction or other collateral review with respect to
2   the pertinent judgment or claim is pending shall not be counted
3   toward any period of limitation under this subsection."

5   Under 2244(d)(1)(A), the statute begins to run at the completion
of direct review in the state courts.  On December 18, 1996,
Petitioner filed a Notice of Appeal.  The California Court of Appeal
issued an Opinion on May 15, 1998 affirming in part and reversing in
part and remanding with directions.  On July 17, 1998, the California
Court of Appeal filed its remittitur.  It does not appear that
Petitioner filed a Petition for Review in the California Supreme
Court.[2]  Where no Petition for Review is filed in the California
Supreme Court, the one-year time limit begins running against a
Petitioner for purposes of AEDPA when the judgment of the California
Court of Appeal becomes final, forty days after the Court issues its
opinion. Thus, Petitioner's conviction became final on June 24, 1998.

Therefore, without tolling, the last date for Petitioner to file
his federal petition was June 24, 1999.  See 28 U.S.C. §2244(d)(1)(A);
Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The
Petition filed on May 12, 2009 was filed approximately nine years  and
eleven months after the statute of limitations expired and is facially
untimely, absent any statutory or equitable tolling.

The running of the AEDPA's one-year time limitation is tolled for
the time period during which a properly filed application for post-

---

[2]   The Court takes judicial notice of Petitioner's records in the State Appellate Courts which are available on the Internet at http://appellatecases.court.info.ca.gov.  See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002)(federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

3

conviction or other state collateral review is pending in state court. See 28 U.S.C. §2244(d)(2); Evans v. Chavis, 546 U.S. 189, 193-194, 126 S.Ct. 846 (2006); Duncan v. Walker, 531 U.S. 991, 121 S. Ct. 2120 (2001)(The statutory term "other collateral review" refers to other state collateral review). The statute is tolled from "the time the first state habeas was filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. (2000).

Statutory tolling under AEDPA may include the time between properly filed state petitions, so long as the prisoner is attempting, "through proper use of state court procedures," to exhaust his state court remedies. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); accord, Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 2138 (2002). Such "gap tolling," however, is available only insofar as a petitioner is pursuing "one complete round of the state's established appellate review process." Nino, 183 F.3d at 1005; see also Saffold, 122 S.Ct. at 2138; Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).

Here, it appears from the face of the Petition that Petitioner's collateral challenges were filed too late.[3] See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.)(holding that §2244(d) "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed),

---

[3] The Court notes on p. 1 of the attachment to the Petition that Petitioner filed a habeas petition on August 7, 2008 in the Los Angeles County Superior Court which was denied on August 22, 2008. Petitioner filed habeas petitions in the California Court of Appeal and California Supreme Court which were denied on September 26, 2008 and April 15, 2009, respectively. These petitions were filed approximately 9 years after the one-year statute of limitations expired.

4

cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

The Ninth Circuit has held that the District Court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition, and to summarily dismiss the petition pursuant to Rule 4 of the Rules Governing §2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675 (2006); Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

**IT IS THEREFORE ORDERED** that on or before July 15, 2009, Petitioner show cause in writing, if any, why the Court should not recommend that the Petition be dismissed on the grounds of untimeliness.

DATED:  June 16, 2009                    /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE